## JOHN S. LYONS *vs.* ENOS RICKER.

Suffolk.　March 3. — 4, 1880.　ENDICOTT & SOULE, JJ., absent.

In an action for stone sold and delivered, the report of an auditor stated that the defendant, who had a contract with A. to furnish stone, asked the plaintiff to furnish a part, which he did, relying on the defendant for his pay; that noth-ing was said at the time as to who was to pay the plaintiff, and the plaintiff did not present a bill to the defendant until after the failure of A.; and found for the plaintiff, subject to the opinion of the court on the facts stated. The judge ruled that the report was *prima facie* evidence of the facts found, and that, on these facts, in the absence of other evidence, the plaintiff was entitled to recover. *Held*, that the rulings were correct.

In an action for goods sold and delivered, the defendant contended that the goods were furnished to A., and put in evidence a proof of debt by the plaintiff against the estate of A. in bankruptcy, which he contended included the claim in question. Annexed to the proof were certain promissory notes. The plain-tiff testified that there was a mistake in the amount of his debt against A., and

that these notes were a percentage of the amount due from A. according to a resolution of composition in bankruptcy; and put in the composition. A. was asked by the defendant if he knew what the amount of the debt due from him to the plaintiff was, but the judge ruled that this was immaterial. *Held*, that the resolution in bankruptcy was admissible; that it was not open to the defendant to contend, for the first time in this court, that it had not been recorded; and that the question to A. was immaterial.

If a bill of exceptions states that the excepting party offered certain evidence, and does not state that the judge excluded it, no ground of exception is shown.

CONTRACT on an account annexed, for stone sold and delivered to the defendant, containing seven items. Item 1 related to stone used for a school-house in Newbury Street in Boston. Items 2–5 related to stone furnished for a school-house in King Street in Boston. Item 6 was for extra work on the last-named building, $92. Items 7 and 8 were credits.

The case was referred to an auditor, whose report stated, in regard to item 1, that the firm of S. J. & G. Tuttle made a contract with the city of Boston to furnish materials and do the mason-work on a school-house in Newbury Street; that the defendant made a contract with the Tuttles to furnish the foundation stone for this building, and, after this, asked the plaintiff to furnish a portion of the stone, which the plaintiff agreed to do, and did to the amount stated in item 1; that no question was made about the price charged; that, at the time the defendant requested the plaintiff to furnish the stone, nothing was said as to who was to pay the plaintiff, or how he was to be paid; that the plaintiff did not make out any bill for the stone to the Tuttles, or ask them to pay for it; that the plaintiff, in furnishing the stone, relied on the defendant for his pay, although he did not present a bill to him, or ask him for payment, until after the failure of the Tuttles; that the defendant was liable for the amount charged in item 1, unless, upon the facts reported, the court should be of opinion that the defendant was not liable.

The auditor's report also stated a finding for the plaintiff on items 2–5; that item 6 was not disputed; that items 7 and 8 were correct; and stated the account, showing a balance due the plaintiff.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff was allowed, against the defendant's objection, to read the auditor's report to the jury.

For the purpose of contradicting the testimony of the plaintiff, that he charged no part of the price of the stone to the Tuttles, the defendant produced from the files of the bankruptcy court a proof of debt, made and sworn to by the plaintiff against the Tuttles, annexed to which, as evidence of the debt proved, was a note of $1000 and a balance of an open account for hammered granite for $1203.95. There were also annexed to this proof three promissory notes, of the following amounts respectively, $122.81, $125.22, $128.83. The plaintiff, in reply to this claim that he had proved against the estate of the Tuttles more than was due him unless the debt sued for was due to the plaintiff from the Tuttles, testified that a mistake had been made in regard to the amount of his debt against the Tuttles, and was proceeding to explain the mistake by stating what the three notes above mentioned were, when the defendant objected. The judge ruled that the plaintiff might explain how the mistake occurred; and the defendant excepted. The plaintiff then testified that the three notes were thirty per cent of the amount due him from the Tuttles at the time of their failure, and was proceeding to state what per cent was named in the resolution of composition, when the defendant objected, on the ground that it was a matter of record. The plaintiff was then permitted, against the defendant's exception, to offer in evidence the resolution of composition.

Samuel J. Tuttle, a witness for the plaintiff, testified, on cross-examination, that he knew how much the plaintiff proved against his estate. The judge ruled, against the defendant's exception, that it was immaterial for the witness to state the amount so proved.

In regard to item 6, there was evidence that a certain firm had contracted with the city to build a school-house in King Street; that they had sub-contracted with the defendant to do the granite work, and that he had sub-contracted with the plaintiff to do a part of it; that, in the part which the plaintiff undertook to do, certain changes were made by the direction of the city, for which the plaintiff charged $92; and that this sum had been paid to the defendant by the city. The defendant contended that he was entitled to retain a portion of the profit on this sum; and, in support of this claim, offered to prove

the following custom, namely, that, when extra work is done outside of a contract, the existing market rates shall be charged the person who has that work done, and when the two persons who are doing the contract come to figure up, that amount is included; and the person who does the extra work is allowed the same price for his work as though it had been included in the contract, and then the amount above that, received for their extra work, is ratably divided.

The judge instructed the jury that, upon the facts reported by the auditor in regard to the first item of the plaintiff's account, the defendant was liable; that the auditor's report was *prima facie* evidence; and that, if there was no other evidence affecting the defendant's liability, the jury would be required to find on this item for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. Avery & J. T. Wilson,* for the defendant.

*A. A. Ranney & D. C. Linscott,* for the plaintiff, were not called upon.

GRAY, C. J. 1. The auditor, by his report, found that the stone mentioned in the first item of the plaintiff's account was furnished by the plaintiff at the request and upon the sole credit of the defendant, and that the defendant was liable for the amount charged therefor, unless the court should be of opinion that, upon the facts reported by him, the defendant was not liable as matter of law. As upon those facts the defendant clearly was liable, the judge properly allowed the auditor's report to be read to the jury, and rightly instructed them that it was *prima facie* evidence, the effect of which was, that, if there was no other evidence affecting the question, the jury would be required to find on this item for the plaintiff.

2. The resolution of composition in bankruptcy was admissible in evidence, in connection with the plaintiff's testimony, to explain what the debt was which appeared by the defendant's evidence to have been proved by the plaintiff against the estate of Tuttle. The objection made by the defendant at the argument, that the resolution was not shown to have been recorded, does not appear to have been taken at the trial, and is not open to him upon the bill of exceptions.

3. The amount of the debt proved by the plaintiff against the estate of Tuttle having been shown by the proof of debt from the files of the court in bankruptcy, and Tuttle having testified that he knew how much the plaintiff proved against his estate, the ruling which precluded him from stating the amount so proved was wholly immaterial.

4. The bill of exceptions does not show that the evidence of custom offered by the defendant was excluded.

*Exceptions overruled.*